UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS
DANVILLE/URBANA DIVISION

IN RE:

Jeffrey B. Mahle and Judith A. Mahle,      2:10-BK-92569
Debtors.

## CHAPTER 13 PLAN

1. The Plan will be funded as follows: The future earnings of the Debtors are submitted to the supervision and control of the Court and the **Debtors shall pay** to the Trustee the sum of **$1,798.50** for a period of **60** months for a total amount of **$107,910.00**. Payments are to be made directly by the Debtors.

2. From the payments so received, the Trustee shall make disbursements as follows:

   a. The priority payments required by the Code, including the following:

      1. Trustee's fees and costs (estimated to be $ **10,791.00**) to be paid at a monthly rate of $179.85 and

      2. Attorney fees in the amount of $1,000.00.

   b. Concurrent with the above payments, secured creditors whose claims are duly proved and allowed as follows:

      1. **State Bank of Lincoln**, which holds a claim secured by mortgage encumbering Debtors' residence located at 6267 N. 2200th Street, Paris, Edgar County, Illinois, shall be paid 100% of allowed secured claim. Payment will be made **outside the Chapter 13 Plan** according to the terms of the original contract. Creditor, and its agents, shall cooperate with the Debtors throughout the course of the Chapter 13 proceeding by sending the Debtors invoices and/or statements for the monthly post-petition payments, applying the Debtors' payments in a timely manner, responding to all reasonable requests for information regarding the account, informing the Debtors of any changes to the terms and conditions of the loan or escrow agreement, and sending interest information to the Debtors in a timely manner so that the Debtors may file their
      income tax returns as required by Section 521 of the United States Bankruptcy Code.

      2. **First Financial Bank,** which holds a purchase money security contract in a 2010 Mercury Grand Marquis, shall receive 100% of their allowed secured claim, presently estimated at $34,205.23, together with interest at the rate of five percent

(5%) per annum for a total of $ 38,729.40. By means of regular monthly payments of $ 645.49 through the Trustee.

3. **First Financial Bank,** which holds a purchase money security contract in a 2004 Ford F350 truck, shall receive 100% of their allowed secured claim, presently estimated at $ 20,566.14, together with interest at the rate of five percent (5%) per annum for a total of $ 23,286.60. By means of regular monthly payments of $388.11 through the Trustee.

4. Pursuant to 11 U.S.C. 506, the claim of **HSBC/Kawasaki,** secured by a 2006 Kawasaki Vulcan 900 is deemed partially unsecured. The secured portion of $4,500.00 shall be paid, together with interest at the rate of five percent (5%) per annum by means of regular monthly payments of $84.92 through the Trustee for a total of $5,095.92. The unsecured portion shall be paid as a general unsecured claim, upon timely filing of a proof of claim by the creditor.

5. **Mutual Bank** of Muncie, Indiana, which holds a purchase money security interest on a 2003 Fourwinds Camper shall receive a surrender of collateral. If any deficiency, then such claim shall be treated as a general unsecured claim.

c. **Subsequent to** the above payments, creditors whose claims are duly proved and allowed, shall be paid as follows:

Holders of general unsecured claims shall be paid any remaining funds as available in accordance with Sections 1325(a)(4) and 1325(b) of the United States Bankruptcy Code. It is estimated that such creditors will be paid 100% of their allowed claims.

d. **Other Provisions**:

1. Confirmation of this plan does not bar a party in interest from objecting to a claim which is not filed in accordance with Federal Bankruptcy Rules 3001 or 3002.

2. Property of the estate includes all of the property specified in 11 U.S.C. Section 541 and all property of the kind specified in such section acquired by the debtor(s) after commencement of the case but before the case is closed, dismissed or likewise converted to one under another chapter of the Code.

3. Confirmation of the plan shall impose a duty on the holders and/or servicers of claims secured by liens on real property to apply the payments received from the trustee on the pre-petition arrearages, if any, only to such arrearages; to deem the pre-petition arrearages as contractually cured by confirmation; to apply the direct mortgage payments, if any, paid by the

trustee or by the debtors to the month in which they were made under the plan or directly by the debtors, whether such payments are immediately applied to the loan or placed into some type of suspense account; to notify the trustee, the debtors and the attorney for the debtors of any changes in the interest rate for an adjustable rate mortgage and the effective date of the adjustment; to notify the trustee, the debtors and attorney for the debtors of any change in the taxes and insurance that would either increase or reduce the escrow portion of the monthly mortgage payment; and to otherwise comply with 11 U.S.C. Section 524(I).

4. Debtors hereby reject all executory contracts not expressly assumed, furthermore, all contractual provisions regarding arbitration or alternative dispute resolution are rejected in connection with the administration of this Chapter 13 case. The plan filed by the Debtors herein specifically rejects, avoids, cancels and otherwise releases the Debtors from any and all contractual provisions, with any party or entity, which could or may impose on the Debtors any duty, requirement or obligation to submit any and all claims, demands, or causes of action of the debtors or any defenses, affirmative or otherwise, of any nature whatsoever, whether known or unknown, and whether arising pre-petition or post-petition, to any form of binding arbitration or alternative dispute resolution. Consequently, confirmation of this plan shall constitute a finding that any such clauses, conditions or provisions, whether arising under the Federal Arbitration Act or any state rule, statute, or regulation, are invalid, void and otherwise unenforceable as to the debtors or the Chapter 13 Trustee.

5. Confirmation of this plan shall constitute a finding that the debtors do not waive, release or discharge but rather retains and reserve for themselves and the Chapter 13 Trustee any and all pre-petition claims and any and all post-petition claims that they could or might assert against any party or entity arising under or otherwise related to any state or federal consumer statute or under state or federal common law including but not limited to fraud, misrepresentation, breach of contract, unfair and deceptive acts and practices, retail installment sales act violations, Truth In Lending Act violations, Home Equity Protection Act violations, Real Estate Settlement Protection Act violations, Fair Debt Collection Practices Act violations, Fair Credit Reporting Act violations, Equal Credit Opportunity Act violations, Fair Credit Billing Act violations, Consumer Leasing Act violations, Federal Garnishment Act violations, Electronic Funds Transfer Act violations, and any and all violations arising out of rights or claims provided for by Title 11 of the United States Code, by the Federal Rules of Bankruptcy Procedure, or by the Local Rules of this Court.

6. Nothing herein shall prohibit the debtor(s) and/or the Trustee from bringing a Motion before the Court pursuant to Section 1329 of the United

States Bankruptcy Code regarding any change in circumstances during the course of debtor(s)' Plan that might result in an increase or decrease in the Plan payments based upon a change in circumstances or upon new or undisclosed information at the time of confirmation of the Plan.

Dated: __1/5__, 2011      _____
                          Jeffrey B. Mahle, Debtor

Dated: __1/5__, 2011      _____
                          Judith A. Mahle, Debtor

Dated: __Jan. 5__, 2011   By: _____
                          James R. Ping, II
                          Attorney Office of J. R. Ping, P.C.
                          IL Bar # 6272877

James R. Ping, II
IL Bar # 6272877
Attorney Office of J. R. Ping, P.C.
117 E. Washington
Paris, IL. 61944
Telephone: 217/465-7666

N:\Mahle Jeff & Judy\Chapter 13 Plan.wpd